UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| DEVONTE LEWIS,<br>　　　Plaintiff,<br><br>　　　v.<br><br>C/O BRENDON OLIVER, *Correctional Officer at HSC, in his individual and official capacities*; C/O REED, *Correctional Officer at HSC, in his individual and official capacities*; DIRECTOR WAYNE T. SALISBURY, JR., *Director of the R.I. D.O.C., in his individual and official capacities*; LT. ALYSSA WEAKLY, *Lieutenant at HSC, in her individual and official capacities*; C/O ORDONEZ, *Correctional Officer at HSC, in his individual and official capacities*; C/O FORTES, *Correctional Officer at HSC, in his individual and official capacities*; C/O CUNEJO, *Correctional Officer at HSC, in his individual and official capacities*; LT. GERARD GRANDPRE, *Lieutenant at HSC, in his individual and official capacities*; LT. GASPHAR, *Lieutenant at HSC, in his individual and official capacities*; C/O SARITELLI, *Correctional Officer at HSC, in his individual and official capacities*; B. GALLAGHER, *Hearing Officer at HSC, in her individual and official capacities*; DEPUTY WARDEN JASON MASIELLO, *Deputy Warden at HSC, in his individual and official capacities*; WARDEN LYNN CORRY, *Warden at R.I. D.O.C., in her individual and official capacities*; LT. STEVEN SARITILLI, *Lieutenant at HSC, in his individual and official capacities*; VANESSA LISI, | C.A. No. 26-283-JJM-PAS |

*Classification Specialist for R.I. D.O.C.,* )
*in her individual and official* )
*capacities*; LYNSEY MCNAMARA, )
*Qualified Mental Health Physician at* )
*HSC*, )
 )
     Defendants. )

## ORDER

Devonte Lewis has filed, along with his Complaint, a Motion to Proceed *In Forma Pauperis* ("IFP") (ECF No. 2). The filing of that Motion creates an obligation on the part of the Court to determine whether the Complaint states a plausible federal claim for relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 667 (2009) (plausible claim standard); 28 U.S.C. § 1915(e)(2)(B)(ii) (screening required). For the reasons stated below, the Court dismisses most of the claims and Defendants but finds a plausible claim of excessive force and failure to protect in violation of the Eighth Amendment to the United States Constitution, against two Defendants. The Complaint therefore passes initial screening, but Mr. Lewis has failed, through the provision of his Inmate Account Statement (ECF No. 4) to demonstrate indigency and he therefore must prepay the filing fee of $350.

### The Sufficiency of the Complaint

Mr. Lewis sets forth three separate situations, giving rise, he maintains, to claims for violations of his constitutional rights. First, he maintains in an over-generalization that there is "a systemic culture and custom of violence and abuse of inmates by D.O.C. [Department of Corrections] personnel at HSC [High Security Center], wherein nearly all staff take part in or engage in a corrupt pattern of silence

or action to conceal." ECF No. 1 ¶ 30. This allegation is presumably made to support liability against the administrative staff, Defendants Director Salisbury, Warden Corry, and Deputy Warden Jason Masiello, as well as some of the Defendant Lieutenants named in the caption. The allegation, however, is unsupported by any specific plausible facts. It is made only in conclusive language, which does not support a plausible claim. *Ponsa-Rabell v. Santander Sec. LLC,* 35 F.4th 26, 30 n.2, 32 (1st Cir. 2022) (conclusive allegations unsupported by material facts may be ignored, but the Plaintiff is entitled to have the Court accept as true the plausible factual allegations he makes). Mere supervisory responsibility is not enough to plead a constitutional violation on the part of the superiors. *Sanchez v. Pereira-Castillo,* 590 F.3d 31, 49 (1st Cir. 2009).

While it may seem to Mr. Lewis, and the prison population, that the individual incidents they complain about in the many federal lawsuits filed could not happen in the absence of some implicit acceptance from the administrative staff, speculation does not make it plausible. That kind of claim is far more difficult to prosecute – for attorneys, much less *pro se* litigants – than one alleging a specific unlawful action committed by a particular individual.

The second situation alleged involves an incident on or about August 23, 2025, when Defendant Oliver came to Mr. Lewis' cell to search, less than two hours after he had searched it already. Mr. Lewis maintains he was calm and subdued, but verbally protested the second search. In response, Defendant Oliver asked, "Are you going to sue me again?" He then allegedly struck Mr. Lewis, put him in a chokehold,

3

slammed him to the ground, beat, stomped, and kicked him. He then put him in his cell, denying him medical attention for two hours. Mr. Lewis states he suffered concussion, pain in his shoulder, bruising, swelling, and lacerations. He further alleges that Defendant Lt. Reed was present, observed what happened, refused to intervene, and commented, "that's what happens when you sue us."

Mr. Lewis has pled enough facts which, if accepted as true (which the Court must do at this stage), raise an inference that Correctional Officer ("CO") Oliver applied force "maliciously and sadistically to cause harm" rather than to restore order or maintain discipline. *Wilkins v. Gaddy,* 559 U.S. 34, 37 (2010). The application of force in the absence of a security or safety need, when inflicted in a way that raises an inference of malice, violates the Eighth Amendment. *Id.*

The Complaint sets out a claim of "failure to protect" against Lt. Reed who was allegedly present during the entire incident and witnessed it. Such a claim has four elements: that an official knows of an excessive and serious risk to inmate health or safety, can protect the inmate from that risk, deliberately disregards that risk, and fails to intervene. *Calderon-Ortiz v. LaBoy-Alvarado*, 300 F.3d 60, 64 (1st Cir. 2002), (citing *Farmer v. Brennan,* 511 U.S. 825, 837-40 (1994)). Here, all the elements are directly pled except whether Lt. Reed had the opportunity to protect Mr. Lewis. But there is an inescapable inference that this incident, if it occurred at all, went on for a significant period, during which Lt. Reed was allegedly present. And because he is a superior officer, the inference is also inescapable that he could have taken some action to protect Mr. Lewis from what is alleged to have been serious injuries. There has

4

also been pled, because of the alleged remarks, plausible claims of retaliation, violating Mr. Lewis' First Amendment right to access to the courts. *Staples v. Gerry,* 923 F.3d 7, 15 (1st Cir. 2019).

Third, Mr. Lewis names several defendants who, in the aftermath of the incident, allegedly violated his rights. He alleges that medical treatment was refused him, or at least delayed substantially, but does not state what person took that action and what that person was aware of. At a minimum, those assertions would be necessary. He faults the officer who presided at his grievance hearing (Ms. B. Gallagher), a classification specialist who presumably participated in the review of his status in the Restorative Housing Program ("RHP") (Vanessa Lisi), and a member of the medical staff (Lynsey McNamara) whose acts he does not describe at all. But violations of prison rules, such as the grievance rules and the classification criteria of the RHP do not generally present federal claims for relief. *Devine v. Cumberland County Jail,* 2:19-cv-00323-JDL, 2019 WL 3845378, at *2 (D. Me. Aug. 15, 2019), *adopted* 2019 WL 5580219 (Oct. 29, 2019) (violation of prison grievance rules does not state an actionable federal claim); *Beaulieu v. Wrenn,* Civ. No. 14-cv-280-SM, 2014 WL 4163147, at *3 (D.N.H. Aug. 20, 2014), *adopted* 2014 WL 4851341 (Sept. 20, 2014) (failure to follow prison policies did not state plausible claim of denial of federally-protected right).

There are no details at all pled in support of any action for inadequate medical care except the allegation that he was made to wait two hours by some unspecified

5

person.  Nor are there any allegations at all about the adequacy of the medical care he was ultimately provided, if any.

No plausible claims of denial of federally-protected rights are made against any named defendants other than Defendants CO Oliver and Lt. Reed.  While the Complaint implies, by once using the plural "defendants" in connection with the alleged beating, that more officers may have participated, no specific actions are pled against any of the others.  All claims against all defendants other than CO Oliver and Lt. Reed are DISMISSED.  The claims that are allowed to go forward are an excessive force claim against Defendant CO Oliver and a failure to protect claim against Defendant Lt. Reed, both constituting violations of the Eighth Amendment if proven.

## Waiver of Filing Fee

An examination of Mr. Lewis' Inmate Account statement demonstrates that he is financially able to prepay the $350 filing fee required.  His Motion to Proceed *In Forma Pauperis* (ECF No. 2) is DENIED.  He is required to process payment of the entire filing fee within 30 days after the date of this Order, or the Complaint will be dismissed.

## Amendment

Mr. Lewis may choose, once he pays the filing fee, to accept this Order and proceed with the two claims made against Defendants CO Oliver and Lt. Reed.  In that case, the next step will be a response by the defendants.  Or, within 30 days of the date of this Order and payment of the filing fee, he may file an Amended Complaint that attempts to set forth plausible versions of the claims dismissed here.

6

The Court expresses no view on the merits of those claims, except to caution that, as Mr. Lewis knows from previous cases, it is difficult for *pro se* litigants to navigate Rules of Procedure and prosecute federal cases. The greater the number of defendants and the more complex the claims, the harder it is.

### Motion to Appoint Counsel

As this Complaint stands now, and even if it is amended, the Court declines to appoint counsel at this stage of the case, although there is discretion to do so. *Desrosiers v. Moran,* 949 F.2d 15, 23 (1st Cir. 1991).

IT IS SO ORDERED.

*s/John J. McConnell, Jr.*

_____
JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

May 14, 2026